**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FRANCIS R. CARTER, JR.,**

        **Plaintiff,**

**-vs-**                                                  **Case No. 6:11-cv-824-Orl-22DAB**

**CITY OF MELBOURNE, DONALD L.**
**CAREY, and JACK M. SCHLUCKEBIER,**

        **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **MOTION FOR ATTORNEY'S FEES (Doc. No. 158)**
>
> **FILED:**      **November 5, 2013**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

> **MOTION:**    **MOTION FOR ATTORNEY'S FEES (Doc. No. 159)**
>
> **FILED:**      **November 7, 2013**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff filed his Second Amended Complaint[1] against the City of Melbourne ("the City"), the Chief of Police ("Carey"), and the City Manager ("Schluckebier"), alleging the following causes of action, all pursuant to 42 U.S.C. § 1983: violation of his rights to free speech and association under

---

[1] Although Defendants had filed answers and motions to dismiss the earlier complaints, the merits were not adjudicated as Plaintiff successfully moved for leave to file amended complaints.

the First Amendment(Count I); false imprisonment and false arrest (Count II); malicious prosecution (Count III); defamation (Count IV) and a conspiracy count against Carey and Schluckebier only (Count V) (Doc. 64). On motions of Defendants, the Court dismissed the claims for defamation and civil conspiracy, with prejudice (Doc. 87). Defendants moved for summary judgment on the remaining counts and, in his response brief, Plaintiff dropped his malicious prosecution claim against the City (Doc. 117, pp. 19-20). The District Court granted the motions and entered judgment in favor of Defendants (Docs. 142, 143). Plaintiff appealed and, in published opinion, the Eleventh Circuit affirmed (Doc. 157). The instant motions and Plaintiff's response (Doc. 161) followed. The matter has been referred to the undersigned and is now ripe for review.

**Standards of Law**

Carey seeks an award of attorney's fees[2] pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927. The City seeks an award of a portion of fees it incurred (in an unspecified amount), pursuant to 42 U.S.C. §1988.

*Section 1988*

These Defendants claim entitlement to an award of attorney's fees pursuant to 42 U.S.C. §1988(b), which provides courts with the discretion to award reasonable attorneys' fees to prevailing parties in certain civil rights actions. In relevant part, the statute provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, . . .

42 U.S.C.A. § 1988(b).

As the Eleventh Circuit has stated, a prevailing defendant is only to be awarded attorneys' fees where the plaintiff's case was "meritless in the sense that it [was] groundless or without foundation."

---

[2] Although the motion references "affidavits submitted in support of this motion," no such affidavits are provided. If the Court assumes that Carey is incorporating the Affidavits filed with the earlier motion (Doc. 149), the fees total $24,593.00.

-2-

*Cohen v. World Omni Financial Corp.*, 457 Fed. Appx. 822, 828 (11th Cir. 2012)[3], *citing Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (quotation omitted); *see also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S. Ct. 694, 54 L.Ed. 2d 648 (1978).

> This Circuit, recognizing that determinations regarding frivolity are to be made on a case-by-case basis, has identified several factors to help inform that determination, among them: '(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'

*Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 952 (11th Cir. 1999), *citing Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985). The so-called *Sullivan* factors are "general guidelines only and not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." *Sullivan,* 773 F.2d at 1189.

In deciding whether a suit is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan*, 773 F.2d at 1189 (*quoting Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981)). The fact that a plaintiff's claim received careful consideration by the district court may properly be taken into account in determining whether the claim was frivolous. *Cohen,* 457 Fed. Appx. at 828 ("Another factor we consider in a § 1988 case is the attention given to the claim: a claim is not frivolous when it is 'meritorious enough to receive careful attention and review,'" *citing Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991).) In evaluating frivolity, the Court must view the evidence in a light most favorable to the non-prevailing plaintiff. *Cordoba v. Dillard's, Inc*., 419 F.3d 1169, 1179 (11th Cir. 2005) (internal quotations omitted).

*Section 1927*

By contrast, 28 U.S.C. § 1927 provides:

---

[3]*Cohen*, as an unpublished opinion of the Eleventh Circuit, constitutes persuasive, and not binding, authority. See 11th Cir. R. 36-2 and I.O.P. 6.

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id.*

This provision applies to counsel who engage in "unreasonable and vexatious" conduct that multiplies the proceedings. *See Hudson v. International Computer Negotiations, Inc.*, 499 F.3d 1252, 1261-62 (11th Cir. 2007). As noted by the Eleventh Circuit: "We have consistently held that an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's, Inc.,* 500 F.3d 1230, 1239 (11th Cir. 2007), *citing Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir.1991) and *Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir. 2003) ("'Bad faith' is the touchstone."). "[N]egligent conduct, standing alone, will not support a finding of bad faith under § 1927 .... For sanctions under section 1927 to be appropriate, something more than a lack of merit is required." *Hudson*, 499 F.3d at 1262 (internal citation omitted).

**Analysis**

Carey seeks an award under 42 U.S.C. §1988 as to all counts against him, contending that Plaintiffs' claims were frivolous, unreasonable, and without foundation. The City seeks "a partial fee award" under this section with respect to the malicious prosecution count, the defamation count and the conspiracy count (pled in the prior version of the complaint). Carey also maintains that an award of fees is appropriate under Section 1927, as Plaintiff "refused to abandon his claims after it became obvious that they had no factual or legal basis." After careful review, and full consideration of all of the applicable factors, the Court finds the showing presented insufficient to justify an award. The undersigned therefore recommends that no award be made.

In *Fox v. Vice*, __ U.S.__, 131 S. Ct. 2205, 180 L.Ed 2d 45 (2011), the United States Supreme Court unanimously resolved a split among several circuits regarding the award of attorneys fees to

a prevailing defendant pursuant to 42 U.S.C. § 1988. There, the Court was presented with a scenario where a plaintiff's unsuccessful civil rights claims were litigated in tandem with potentially meritorious state law claims. The Supreme Court found that while it was appropriate to award attorneys' fees to successful defendants when a plaintiff's civil rights claim was found to be frivolous, only those attorney's fees that would not have been incurred but for the plaintiff's frivolous civil rights claim were recoverable by the defendant. 131 S.Ct. at 2216. The Court stated:

> In a suit of this kind, involving both frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations. And that is all. Consistent with the policy underlying § 1988, the defendant may not receive compensation for any fees that he would have paid in the absence of the frivolous claims.

*Fox*, 131 S.Ct. at 2218. The *Fox* Court reasoned that § 1988 "permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim .... So if a frivolous claim occasioned the attorney's fees at issue, a court may decide that the defendant should not have to pay them. But if the defendant would have incurred those fees anyway, to defend against *non*-frivolous claims, then a court has no basis for transferring the expense to the plaintiff." *Id.* at 2215.

Here, the City seeks an award of fees only for specific counts. The Court assumes that in seeking only a partial award, the City is recognizing that the other counts against it, while ultimately unsuccessful, were nonetheless not frivolous. In its motion, however, the City fails to identify any work that did not also benefit the related claims. Indeed, the City presents no information whatsoever regarding the amount of its fee claim, or how it should be formulated. As such, the City's claim does not meet the *Fox* standard.

Even if the City were able to isolate the fees incurred solely due to the three counts, the Court cannot find that Plaintiff's claims are so without merit as to warrant an award of fees to either movant. Although both the City and Carey contend that the claims were frivolous, consideration of the

*Sullivan* and other factors yields a mixed result. Defendants were prevailing parties and the claims were disposed of short of trial. Nonetheless, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co.*, *supra,* 434 U.S. at 421-22 (1978). Here, these claims received "careful attention and review" by both the district and appellate courts, in lengthy opinions. Also, Defendants made settlement offers (although Carey represents that his offer was only a "token"). The Court is also cognizant of "[p]olicy concerns [that] militate against awarding attorney's fees to defendants in civil rights cases because such practice may discourage plaintiffs from bringing civil rights lawsuits." *Sayers v. Stewart Sleep Center, Inc*., 140 F.3d 1351, 1353 (11th Cir. 1998). Considering all of the circumstances, the Court is persuaded that these claims, while not successful, are not so lacking in any arguable merit as to warrant a discretionary award to Defendants.[4]

For similar reasons, the Court cannot find that Plaintiff's counsel acted in objective bad faith sufficient to impose Section 1927 sanctions. Other than the mere fact that the claims were unsuccessful, there is no showing of malicious intent, inappropriate behavior, or any abusive conduct sufficient to transform Plaintiff's unsuccessful pursuit of its Complaint into an objectively egregious act.

For the foregoing reasons, it is **respectfully recommended** that the motions be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[4]While not directly relevant, the Court also notes the District Court's ruling on the unsuccessful Rule 11 motion, brought by co-Defendant Schluckebier (Doc. 109).

Recommended in Orlando, Florida on December 19, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
District Courtroom Deputy